## ELLIOTT v. VALLARO et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1897.)

PARTNERSHIP—EVIDENCE.

    Defendant, sued as a member of a firm, denied any connection with it. There was evidence that he had previously stated to several persons that he was a member of the firm. *Held*, that the question should have been submitted to the jury.

Appeal from trial term, Westchester county.

Action by Louis W. Elliott against Michele Vallaro and others for the price of goods alleged to have been sold by plaintiff and his assignor to a certain firm of which defendant Vallaro was a partner. None of the persons sued as co-partners appeared or answered except defendant Vallaro. From a judgment entered on a verdict in favor of the answering defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles A. Dryer, for appellant.
William Popham Platt, for respondent.

PER CURIAM. The action is brought to recover goods sold and delivered to the firm of Alfred R. Dumon & Co. The defendant Vallaro denied that he was a member of that firm, and this was the only question litigated on the trial. The proofs offered by the plaintiff to connect Vallaro with the firm of Dumon & Co. were declarations alleged to have been made by him to the plaintiff and to other witnesses that he was a partner. The defendant testified that he was not a partner, and had no interest whatever in the firm; that he merely kept a boarding house or shanty, where the laborers employed by the firm were boarded. We are frank to say that we do not apprehend the exact question intended to be submitted by the charge of the learned trial judge to the jury for determination. The trial judge repeatedly told the jury that the defendant was not a partner, that there was no partnership, that the jury must find that he was a partner, not that he said he was a partner. If it were certain, on the evidence, that there was no partnership, and that the defendant was not a partner, the court should have directed a verdict for the defendant, or dismissed the complaint. In such case there was no question for the jury. But the declarations of the defendant to various parties that he was a partner were unquestionably evidence of the fact, and his denial of his connection with the business at most raised a conflict which was for the jury to determine, not controlled or influenced by the declaration of the court on that subject.

The judgment and order are reversed, and a new trial granted; costs to abide the event.